1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   WILLIAM J. WHITSITT,                          No.  2:20-cv-01178 KJM AC (PS)

12              Plaintiff,

13        v.                                        FINDINGS AND RECOMMENDATIONS

14   CITY OF STOCKTON, et al.,

15              Defendants.

16

17        Plaintiff is proceeding in this action pro se.  This matter was accordingly referred to the

18   undersigned by E.D. Cal. 302(c)(21).  Plaintiff has filed a request for leave to proceed in forma

19   pauperis ("IFP"), and has submitted the affidavit required by that statute.  See 28 U.S.C.

20   § 1915(a)(1).  The motion to proceed IFP (ECF No. 2) will therefore be granted.

21                                      **I.  Screening**

22        The federal IFP statute requires federal courts to dismiss a case if the action is legally

23   "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks

24   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  A

25   claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v.

26   Williams, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the court will

27   (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly

28   baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and

1

1    (3) resolve all doubts in the plaintiff's favor.  See Neitzke, 490 U.S. at 327; Von Saher v. Norton

2    Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S.

3    1037 (2011).

4         The court applies the same rules of construction in determining whether the complaint

5    states a claim on which relief can be granted.  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court

6    must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must

7    construe the complaint in the light most favorable to the plaintiff).  Pro se pleadings are held to a

8    less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520

9    (1972).  However, the court need not accept as true conclusory allegations, unreasonable

10   inferences, or unwarranted deductions of fact.  Western Mining Council v. Watt, 643 F.2d 618,

11   624 (9th Cir. 1981).  A formulaic recitation of the elements of a cause of action does not suffice

12   to state a claim.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal,

13   556 U.S. 662, 678 (2009).

14        To state a claim on which relief may be granted, the plaintiff must allege enough facts "to

15   state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.  "A claim has

16   facial plausibility when the plaintiff pleads factual content that allows the court to draw the

17   reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at

18   678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity

19   to amend, unless the complaint's deficiencies could not be cured by amendment.  See Noll v.

20   Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in

21   Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

22        A.  The Complaint

23        Plaintiff brings suit against multiple defendants including the City of Stockton, San

24   Joaquin County, Kelly Morris, Nicky Morris, the San Joaquin County Probation Department, the

25   San Joaquin County DA's Office, Mewhinney, A. Lizardo, Christensen, John Afansasiev, and

26   Morgan T. Fawver. ECF No. 1 at 1.  He alleges multiple constitutional violations, including a

27   violation of his inalienable right to attend bible college.  Id.  Plaintiff alleges he was improperly

28   subjected to a restraining order, false arrest, and various conspiracies at the behest of Nicky and

                                            2

1   Kelly Morris, after he fell in love with their daughter Chloe. Id. at 8-11.

2           B.  Analysis

3           This complaint must be dismissed with prejudice because it is duplicative of another

4   ongoing case in this district, Whitsitt v. City of Stockton, et.al, 2:20-cv-00131-KJM AC PS.  The

5   court has already related these cases.  ECF No. 3.  The district court has the power to control its

6   docket, including the power to dismiss claims that are duplicative of claims presented in other

7   cases.  M.M. v. Lafayette Sch. Dist., 681 F.3d 1082, 1091 (9th Cir. 2012) (affirming district

8   court's dismissal of claim presented in a separate case).  "To determine whether a suit is

9   duplicative, we borrow from the test for claim preclusion.  As the Supreme Court stated in The

10  Haytian Republic, 'the true test of the sufficiency of a plea of 'other suit pending' in another

11  forum [i]s the legal efficacy of the first suit, when finally disposed of, as 'the thing adjudged,'

12  regarding the matters at issue in the second suit.' 154 U.S. 118, 124 […] (1894)."  Adams v.

13  California Dep't of Health Servs., 487 F.3d 684, 688–89 (9th Cir. 2007) (overruled on other

14  grounds Taylor v. Sturgell, 553 U.S. 880 (2008)).

15          The Ninth Circuit clarified in Adams that "in assessing whether the second action is

16  duplicative of the first, we examine whether the causes of action and relief sought, as well as the

17  parties or privies to the action, are the same."  Id.  "A suit is deemed duplicative if the claims,

18  parties and available relief do not vary significantly between the two actions."  Shappell v. Sun

19  Life Assur. Co., No. 2:10-CV-03020-MCE, 2011 WL 2070405, at *2 (E.D. Cal. May 23, 2011).

20  To assess whether successive causes of action are the same, courts utilize the "transaction test, "

21  which requires consideration of four criteria: (1) whether the rights or interests established in the

22  initial action would be impaired by prosecution of a second suit; (2) whether substantially the

23  same evidence would be presented in both actions; (3) whether both suits involve infringement of

24  the same right; and (4) whether both suits arise out of the same transactional nucleus of facts.

25  Costantini v. Trans World Airlines, 681 F.2d 1199, 1201–02 (9th Cir. 1982).  The last factor has

26  been deemed the most important.  Id. at 1202.

27          Here, all elements are met.  As a preliminary matter, the defendants in each of plaintiff's

28  cases are substantially similar in both suits.  In 2:20-cv-00131-KJM AC PS ("Whitsett I"),

1  plaintiff asserts claims against the City of Stockton, San Joaquin County, Nicky Morris, "Friad,"

2  Oscar Ochoa, Paul Billman, Jayne C. Lee, Superior Court Judge J. Northup, Becky R. Diel,

3  Shore, McKinley, Conger & Jolley LLP, San Joaquin County Superior Court, San Joaquin

4  County D.A.'s office, San Joaquin County Probation Department, "Lizardo," and 25 other Doe

5  defendants.  Whitsitt I, ECF No. 7 (operative First Amended Complaint) at 1.  In this case

6  ("Whitsitt II"), plaintiff names the same defendants but excludes Judge Northup, the law firm,

7  and "Friad," and adds Judge Mewhinney, and officers Christiansen, John Afansasiev, and Morgan

8  T. Fawver.  ECF No. 1 at 1.  Plaintiff's inclusion of the new officers and judge in this case does

9  not substantially distinguish it from Whitsitt I because plaintiff's underlying claims of

10  constitutional violation are the same; the only difference between the cases is the additional

11  names of non-central defendants.  Because Whitsitt I is an ongoing case, plaintiff could make a

12  motion in that case to include the newly alleged defendants as defendants in that case; the desire

13  to add defendants, does not support the filing of a duplicative case.  Fed. R. Civ. P. 15.

14  Most importantly, Whitsitt I and Whitsitt II arise out of the same incident.  Indeed, the

15  cases are essentially identical.  Both cases arise out of what the plaintiff alleges to be an

16  unconstitutional series of events and conspiracies instigated by Chloe Morris's parents, Nicky and

17  Kelly Morris.  See Whitsitt I, ECF No. 7 at 10; Whitsitt II, ECF No. 1 at 8.  Because both cases

18  arise out of the same incident and involve substantially the same parties, the cases arise from the

19  same transactional nucleus of fact.  Costantini, 681 F.2d at 1201–02 (9th Cir. 1982).  With two

20  separate lawsuits based on the same incident and involving substantially the same parties, it is

21  axiomatic that the cases will involves substantially the same evidence and that a decision in one

22  case would impair the prosecution of the other.  Thus, the elements of the transaction test are

23  satisfied.  Id.

24  "It is well established that a district court has broad discretion to control its own docket,

25  and that includes the power to dismiss duplicative claims."  M.M., 681 F.3d at 1091.  Because

26  this case is duplicative of the Case No. 2:20-cv-00131-KJM AC PS, considerations of judicial

27  economy and the competent administration of justice warrant dismissal with prejudice in favor of

28  the prosecution of the earlier filed lawsuit.

4

1

## II.  Conclusion

2      Accordingly, the undersigned recommends that plaintiff's request to proceed in forma

3   pauperis (ECF No. 2) be GRANTED but that the complaint (ECF No. 1) be DISMISSED with

4   prejudice as duplicative.

5      These findings and recommendations are submitted to the United States District Judge

6   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty one days

7   after being served with these findings and recommendations, plaintiff may file written objections

8   with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a document

9   should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure

10  to file objections within the specified time may waive the right to appeal the District Court's

11  order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153,

12  1156-57 (9th Cir. 1991).

13  DATED: August 25, 2020

14

ALLISON CLAIRE
15  UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28