UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. WHITSITT, | No. 2:20-cv-01178 KJM AC |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| CITY OF STOCKTON, et al., | |
| Defendants. | |

This matter is before the court on plaintiff's motion to reopen this case under Federal Rule of Civil Procedure 60 (ECF No. 13). Plaintiff is proceeding pro se, and accordingly the motion was referred to the undersigned pursuant to Local Rule 302(c)(21). For the reasons that follow, the motion should be DENIED.

**I. RELEVANT FACTUAL AND PROCEDURAL HISTORY**

Plaintiff filed his complaint on June 12, 2020, and moved to proceed in forma pauperis. ECF Nos. 1, 2. Pursuant to the IFP screening process, the undersigned evaluated the complaint and found it duplicative of another case proceeding in this district. ECF No. 4. The undersigned recommend that in forma pauperis status be granted but that the complaint be dismissed with prejudice as duplicative. Id. On March 25, 2021, Chief District Judge Kimberly J. Mueller adopted the findings and recommendations in full. ECF No. 11. Judgment was entered and this

////

1

case was closed. ECF No. 12. Plaintiff now seeks to reopen this case on grounds that he has "new RICO facts and evidence." ECF No. 13 at 1.

**II.     STANDARDS**

Rule 60(b) of the Federal Rules of Civil Procedure provides for reconsideration of a final judgment or any order where one of more of the following is shown: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which, with reasonable diligence, could not have been discovered within twenty-eight days of entry of judgment; (3) fraud, misrepresentation, or misconduct of an opposing party; (4) voiding of the judgment; (5) satisfaction of the judgment; and (6) any other reason justifying relief. Fed. R. Civ. P. 60(b). A motion for reconsideration on any of these grounds must be brought within a reasonable time, and no later than one year, of the entry of the judgment or the order being challenged. Id. "Motions for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure are addressed to the sound discretion of the district court..." Allmerica Financial Life Insurance and Annuity Company v. Llewellyn,139 F.3d 664, 665 (9th Cir. 1997).

**III.     ANALYSIS**

Plaintiff's announcement of "new RICO facts and evidence" is irrelevant to the basis for dismissal of this case: that it is duplicative of another case. Plaintiff argues that he has new facts and evidence "that I just realized it was RICO." ECF No. 13 at 2. Plaintiff's attempt to recategorize facts and/or claims related to the underlying dispute does not constitute the type of "new evidence" that might justify a Rule 60 reopening, particularly where the case was dismissed as duplicative of another ongoing case. Plaintiff also expresses a wish to "combine all 3 suits claims into 1 claim." Id. at 3-4. This case, having already been dismissed, is not the place to do that. Nothing in plaintiff's motion bears on the fact that this case is duplicative of another ongoing case, and there is no basis to re-open this case.

**IV.     CONCLUSION**

It is HEREBY RECOMMENDED that plaintiff's motion (ECF No. 13) be DENIED. These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being

served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections.  Local Rule 304(d).  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: June 7, 2021

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE